# SUPREME COURT OF THE UNITED STATES

## JARON BURNETT *v.* UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25–5442.   Decided March 9, 2026

The petition for a writ of certiorari is denied.

JUSTICE GORSUCH, dissenting from the denial of certiorari.

Almost two decades ago, Jaron Burnett pleaded guilty to a federal crime that carried a maximum sentence of 120 months in prison. Initially, the district court sentenced Mr. Burnett to less than that—105 months in prison, followed by 15 years of supervised release.

Over six years after his release from prison, the government charged Mr. Burnett with violating the terms of his supervised release. In response, the district court sentenced him to 13 additional months in prison. See 18 U. S. C. §3583(e)(3) (providing that a district court may impose a term of imprisonment if a defendant violates the terms of his supervised release). That new term brought Mr. Burnett's total time in prison to 118 months, just 2 fewer than the maximum Congress authorized for his underlying conviction. Mr. Burnett finished serving his time in July 2022 and returned to supervised release.

Two years later, the government again charged Mr. Burnett with violating the terms of his supervised release and again sought to send him to prison. This time, Mr. Burnett argued, the court needed to proceed differently. His underlying conviction subjected him to a maximum lawful term of 120 months in prison, no more. Should the government seek prison time beyond that because of his latest alleged supervised release violations, Mr. Burnett submitted, the

Sixth Amendment required the government to prove its case to a jury beyond a reasonable doubt.

The district court disagreed. Proceeding without a jury and applying a preponderance of the evidence standard, the court found that Mr. Burnett had committed some of the alleged supervised release violations. And, based on its factual findings, the court sentenced him to 14 more months in prison, bringing his total term of incarceration to 132 months—12 more than the statutory maximum associated with his crime of conviction. The court of appeals affirmed that result.

In his petition to us, Mr. Burnett does not ask for much. He does not object to receiving new prison time for supervised release violations. He does not even object to a court issuing that prison time based on its own factual findings under a preponderance of the evidence standard, so long as the punishment issued does not exceed the statutory maximum for his underlying crime of conviction. All Mr. Burnett claims is the right to have a jury decide any contested facts under the reasonable doubt standard where, as here, a court seeks to impose a sentence that will cause a defendant's total time in prison to exceed the statutory maximum Congress has authorized for his underlying conviction.

I would have taken this case to consider that argument. Most federal criminal defendants serve time on supervised release. Some commit violations. Few face a realistic prospect of spending more time in prison than the maximum term authorized for their underlying convictions. See *United States* v. *Henderson*, 998 F. 3d 1071, 1086 (CA9 2021) (Rakoff, J., dissenting). But even if the class of cases like Mr. Burnett's is small, the stakes are high. Many federal criminal defendants today serve long terms on supervised release (terms that can be further extended after any new violation). See §§3583(b), (h). Others serve on supervised release for life. See §3583(k). And, under the logic of the decision below, defendants like these can effectively

wind up losing for decades (and sometimes forever) the right to receive a federal jury trial to resolve charges against them under the reasonable doubt standard. All the government need do is accuse the defendant of a supervised release violation and convince a judge to find by a preponderance of the evidence that more punishment is warranted. With no more than that, further prison time may follow—even for periods that exceed the maximum Congress has authorized for the defendant's only crime of conviction.

Bypassing juries, trials, and the reasonable doubt standard in this way may hold some obvious advantages for prosecutors. But whether this arrangement can be squared with the Constitution is another thing. Under the Sixth Amendment, this Court has held, "[o]ther than the fact of a prior conviction, *any* fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi* v. *New Jersey*, 530 U. S. 466, 490 (2000) (emphasis added); see also *Erlinger* v. *United States*, 602 U. S. 821, 833 (2024); *United States* v. *Haymond*, 588 U. S. 634, 644 (2019) (plurality opinion) (collecting cases). The Court's failure to grant review to address whether what happened to Mr. Burnett complies with that Sixth Amendment rule is unfortunate. I can only hope we will take up another case like his soon—and that, in the meantime, lower courts will more carefully consider the Sixth Amendment's application in this context. Respectfully, I dissent.